**Harutyun BAMBUKCHYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72010.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 21, 2006.*

Filed Sept. 28, 2006.

Harutyun Bambukchyan, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office Of The District Counsel Department Of Homeland Security, San Francisco, CA, OIL, U.S. Department Of Justice Civil Div./Office Of Immigration Lit., Washington, DC, for Respondent.

Before: GOODWIN, REINHARDT, and BEA, Circuit Judges.

MEMORANDUM **

Harutyun Bambukchyan, a native and citizen of Armenia, petitions pro se for

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's order denying his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the agency's factual findings for substantial evidence. *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1118 (9th Cir.2004). We grant the petition for review, and remand for further proceedings.

Assuming Bambukchyan to be credible, the BIA found him ineligible for relief because he failed to show the Armenian government was or would be unable or unwilling to control his alleged persecutors. The BIA's conclusion is not supported by substantial evidence. Bambukchyan testified that after he was beaten by a group of Yerkrapahs, the police told him that he was "the guilty one" and that he was offending "national heroes" and accusing them "in vain." Bambukchyan stated in his application that the police told him to leave if he felt unsafe in Armenia. A reasonable fact finder would be compelled to conclude that Armenian authorities were unwilling to control the Yerkrapahs. *See Mashiri,* 383 F.3d at 1121–22 (evidence that police conducted inadequate investigation and told petitioner that foreigners "better try to take care of [themselves]" compelled a finding that government was unwilling or unable to control persecutors).

Accordingly, we grant the petition for review and remand for the BIA to consider Bambukchyan's eligibility for asylum, withholding of removal and relief under the CAT in light of our disposition.

**PETITION FOR REVIEW GRANTED; REMANDED.**